CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 01, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **GAYNELLE RUDOLPH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26CV00055 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ABCO TRANSPORTATION, INC., et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Samantha R. Owens, SLOCUMB LAW FIRM, LLC, Washington, D.C., for Plaintiff; Lindsey A. Lewis, FRANKLIN & PROKOPIK, P.C., Richmond, Virginia for Defendants.*

In this negligence action removed from state court because of diversity of citizenship and amount in controversy and arising under Virginia law, the plaintiff, Gaynelle Rudolph, asserts negligence claims against ABCO Transportation, Inc. ("ABCO"), R&L Transfer Inc. ("R&L"), and Todd David Stone. The defendants have moved to dismiss Counts Two and Three of the Complaint for failure to state a claim upon which relief can be granted. Because the plaintiff has not averred facts sufficient to make plausible claims of negligent entrustment, negligent hiring, and negligent retention, I will grant the partial Motion to Dismiss.

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the partial Motion to Dismiss.

The plaintiff alleges that while traveling on I-81/Lee Highway, Defendant Stone, a commercial tractor-trailer driver, suddenly veered from his designated lane of travel and collided with the driver's side of the plaintiff's vehicle. Compl. ¶¶ 9–10, Dkt. No. 13. The plaintiff alleges that, at the time of the collision, Defendant Stone was acting within the line and scope of his employment with Defendant ABCO and Defendant R & L. *Id.* ¶ 11.

Generally, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although a complaint need not contain detailed factual allegations, it must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

II.

The plaintiff fails to support her negligent entrustment claim in Count Two of the Complaint with specific facts. To establish negligent entrustment of a vehicle, a plaintiff must demonstrate that "[t]he owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." *Turner v. Lotts*, 422 S.E.2d 765, 767 (Va. 1992) (quoting *Denby v. Davis*, 188 S.E.2d 226, 229 (Va. 1972)). Plaintiff alleges only that Defendant ABCO and Defendant R&L knew or should have known of Defendant Stone's "habitual carelessness and disposition and temperament." Compl. ¶ 21. Since the plaintiff has failed to provide supporting facts, I cannot determine that the alleged misconduct plausibly occurred.

III.

The plaintiff combines claims for negligent hiring and retention in Count Three. Both claims lack sufficient particularity. To establish a claim for negligent hiring, a plaintiff must demonstrate that an employer hired a person whose work involved an unreasonable risk of harm to others, that it should have been reasonably foreseeable that the person posed a threat of injury to others, and that an employee's propensity to cause injury to others was either known or should have been

discovered by reasonable investigation. *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 473 (Va. 2019).

To prove a negligent retention claim, a plaintiff must establish that an employer was negligent in failing to terminate a dangerous employee whom the employer "'knew or should have known was dangerous and likely to harm [others.]'" *Id.* at 629 (quoting *Se. Apartments Mgmt., Inc. v. Jackman*, 513 S.E.2d 395, 397 (Va. 1999)).

For both claims, the plaintiff alleges only that Defendants ABCO and R&L knew or should have known that Defendant Stone "failed to possess qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities" of a commercial tractor-trailer driver. Compl. ¶ 27. The plaintiff fails to support this statement with particular facts that would plausibly establish negligent hiring and retention by Defendants ABCO and R & L.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, Dkt. No. 6, is GRANTED in part and Counts Two and Three of the Complaint are dismissed without prejudice.

ENTER: September 1, 2026

/s/ JAMES P. JONES
Senior United States District Judge